UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STRIKE 3 HOLDINGS, LLC,
    Plaintiff,

      v.

JOHN DOE,
*Subscriber assigned IP address: 98.216.85.101*,
    Defendant.

CIVIL ACTION NO. 25-cv-10966-NMG

PROTECTIVE ORDER

KELLEY, U.S.M.J.

1. Defendant may proceed anonymously as "John Doe" in this case unless and until the court orders otherwise.

2. Plaintiff shall not initiate settlement negotiations or attempt to contact defendant prior to service of the complaint without leave of the court. If defendant initiates settlement negotiations, plaintiff may participate in negotiations and settle the case.

3. Plaintiff may immediately serve a third-party subpoena in compliance with Fed. R. Civ. P. 45 on Comcast Cable to obtain only the name and address of the subscriber assigned Internet Protocol ("IP") address 98.216.85.101 (herein, "defendant"). Plaintiff may not seek or obtain defendant's phone number or email address or seek and obtain information about potential defendants other than the subscriber assigned IP address 98.216.85.101 without further court order. The subpoena shall be accompanied by a copy of: (1) this Protective Order (#11); (2) the Notice to Defendant (#12); and, (3) this court's Order (#10).

4. Comcast Cable will have sixty (60) days from the date of service of the Rule 45 subpoena to ascertain the name and address of defendant and to provide defendant with a copy of: (1) the

subpoena; (2) this Protective Order (#11); (3) the Notice to Defendant (#12); and, (4) this court's Order (#10). Comcast Cable may serve defendant by written notice sent to his or her last known address, transmitted either by first class mail or overnight delivery service. The papers shall be enclosed in an envelope in the order above. Service of the papers shall be deemed complete three (3) days after transmission.

5. Comcast Cable shall file proof of service on the docket in this case within ten (10) days of transmitting the papers to defendant. Comcast Cable shall redact the name and address of defendant from the proof of service filed on the docket. The unredacted copy of such proof of service shall be filed *ex parte* under seal with access only to Comcast Cable and the court.

6. Defendant shall have sixty (60) days from the date of service of the papers upon him or her by Comcast Cable to file any motions with the court challenging the subpoena, including a motion to quash or modify the subpoena.

7. Comcast Cable shall not produce defendant's name and address to plaintiff before the expiration of the sixty-day period after service of the papers on defendant. If defendant or Comcast Cable files a motion to quash or modify the subpoena, Comcast Cable shall not produce defendant's name and address to plaintiff until any motions have been decided by the court and unless the court issues an order instructing Comcast Cable to produce this subpoenaed information. Comcast Cable shall preserve the subpoenaed information pending the resolution of any motions challenging the subpoena.

8. If the sixty-day period after service of the papers upon defendant by Comcast Cable lapses without defendant or Comcast Cable challenging the subpoena, Comcast Cable shall have ten (10) days to produce defendant's name and address to plaintiff's counsel for "Attorneys' Eyes Only" review. Comcast Cable shall provide a written statement to plaintiff's counsel confirming

compliance with this Protective Order, which plaintiff's counsel shall then file under seal with the court. Any information produced by Comcast Cable to plaintiff's counsel will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to plaintiff, its employees, or agents.

9. Should defendant appear in this case by contacting plaintiff's counsel, responding to the complaint, or otherwise, plaintiff may submit a letter request to change the designation of information produced by Comcast Cable from "Attorneys' Eyes Only" to "Confidential." Any information produced by Comcast Cable in response to the subpoena under this Protective Order may only be used in this action and for no other purpose, including, but not limited to, future litigation against the same defendant, unless the court orders otherwise.

10. If defendant moves to quash or modify the subpoena or to proceed anonymously, defendant shall, at the same time as any such filing, also notify Comcast Cable so that Comcast Cable is on notice not to release his or her name to plaintiff's counsel until the court rules on the motion(s).

11. Comcast Cable shall confer with plaintiff and shall assess any charge in advance of producing the information requested in the subpoena if permitted by the court. Should Comcast Cable elect to charge for the cost of production, it shall provide a billing summary to plaintiff.

12. The time for plaintiff to complete service of process of the complaint on defendant pursuant to Fed. R. Civ. P. 4(m) is extended to the later of either thirty (30) days after the expiration of the sixty-day period within which defendant or Comcast Cable may move to quash or modify the subpoena, or thirty (30) days following the court's denial of any such motion.

April 25, 2025                                         /s/ M. Page Kelley
                                                       M. Page Kelley
                                                       United States Magistrate Judge